UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERT F. HAARMANN, § | |
| TDCJ #01427509, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-16-3502 |
| § | |
| LAURA WELLS, § | |
| § | |
| Defendant. | |

## MEMORANDUM AND ORDER

Plaintiff, Albert F. Haarmann (#01427509), has filed a complaint under 42 U.S.C. § 1983 ("Complaint"), alleging that the court reporter who transcribed his court proceedings over ten years ago violated his civil rights by failing to produce the complete transcript of the proceedings. (Docket Entry No. 1). Plaintiff is a prisoner in the custody of the Texas Department of Criminal Justice ("TDCJ"). After considering the pleadings and the attachments thereto, the court concludes that this case must be dismissed for the reasons explained below.

### I.   Background

On January 19, 2006, Plaintiff was arraigned by the Honorable Robert H. Trapp in the 411th District Court of San Jacinto County, Texas, for aggravated sexual assault and sexual assault.[1]  Plaintiff alleges that a portion of the arraignment hearing was omitted from his transcript which would show that the trial judge was biased against him.

Plaintiff reports that he discovered that his trial transcript was missing important text evidence when he researched his case to file his state writ of habeas corpus.[2] He asserts that on

---

[1] Docket Entry No. 1 ("Complaint") at 5.

[2] *Id.*

August 17, 2008, he asked the court reporter to send an amended transcript to the intermediate state appellate court, but that the reporter, Defendant Laura Wells, wrote back to him stating that the transcript "was complete and correct as transcribed."[3]  Plaintiff alleges that this omission by the court reporter has caused him continuing harm because he has not had the evidence he needs to show that the trial judge was biased.

## II.     Prison Litigation Reform Act

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis.* 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se*.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A

---

[3] *Id.*; *see also id.* at 26-27 (Plaintiff's correspondence with Defendant).

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### III.     Discussion

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Plaintiff's claim, if any, arose no later than August 17, 2008, when he reports that he discovered the omission in the transcript and wrote to the court reporter to correct the alleged omission. The complaint in this case is dated and signed on November 15, 2016,[4] which is well outside the limitations period. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Plaintiff contends that the alleged omission in his transcript has caused him continuing harm, but it is clear from the face of the pleadings that the alleged wrongful conduct was a

---

[4] Complaint at 5.

completed event in 2008 from which he allegedly suffers continued injury. The Fifth Circuit has held that under these circumstances, the continuing tort doctrine does not apply to toll the statute of limitations. *See Washington v. Tex. Dep't of Criminal Justice*, 653 F. App'x 370, 371-72 (5th Cir. Jun. 30, 2016) (not selected for publication) (holding that the continuing tort doctrine did not apply to toll the limitations period where the wrongful conduct was from one past event which caused continuing injury). Because Plaintiff clearly waited more than two years from the time his claims accrued to file suit, his complaint is untimely and will be dismissed as legally frivolous. *See Gartell*, 981 F.2d at 256.

### IV.    Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**, and Plaintiff is assessed an initial partial filing fee of $14.00. Thereafter, the plaintiff shall pay the remainder of the full balance of the filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent and forward it to the Clerk of Court.

2. Plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as legally frivolous.

3. All other motions, if any, are **DENIED**.

4. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West**

**Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, this 28th day of February, 2017.

                                              MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE