United States District Court
Southern District of Texas
**ENTERED**
April 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT F. HAARMANN, TDCJ #01427509, | § § § § § § § § § | |
| Plaintiff, VS. | | CIVIL ACTION NO. H-16-3502 |
| LAURA WELLS, | | |
| Defendant. | | |

## ORDER

On February 28, 2017, the Court dismissed the civil rights complaint under 42 U.S.C. §1983 filed by Plaintiff Albert F. Haarmann as barred by the statute of limitations. *See* Docket Entry No. 9. On March 13, 2017, Plaintiff filed a Notice of Appeal. Docket Entry No. 13. Plaintiff subsequently filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1), arguing that by mistake, inadvertence, or excusable neglect, he "failed to properly articulate the facts which are in issue and the evidence which supports these facts." Docket Entry No. 15 at 1. Noting that the Rule 60(b) motion is pending in this Court, the Fifth Circuit has placed Plaintiff's appeal in abeyance pending ruling on Plaintiff's Rule 60(b) motion in this Court. *See* Docket Entry No. 16. The motion is denied for the reasons set forth below.

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

Plaintiff argues that the underlying judgment was incorrect because he should not be held to the two-year statute of limitations period applicable to actions filed pursuant to section 1983. He reasons that, because no time limitations allegedly apply to a court reporter under Texas law and he is restricted to seeking injunctive relief, the Court should not apply the two-year statute of limitations in this case. *See* Docket Entry No. 15 at 1-2. Plaintiff alternatively argues that even if the two-year statute of limitations applies to him, he has suffered a "continuing harm" because he "did not recognize the harm inflicted by the defendant[']s omissions until June 5, 2012 when the Plaintiff filed his complaint with the Court Reporter's Certification Board." *Id.* at 2. Even if he did not discover the alleged error in the reporter's record until June 5, 2012, his complaint, signed on November 15, 2016, is well outside the two-year statute of limitations applicable to cases brought under section 1983.

Plaintiff does not present facts or arguments that would show that the underlying conclusion that this case is barred by the statute of limitations was incorrect, or that relief is otherwise warranted under Rule 60(b). He also does not make the required showing under Rule 60(b)(1) that unusual or unique circumstances justify relief. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.") (citations omitted). Further, it is well settled that Rule 60(b) "may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal." *Id.*

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Docket Entry No. 15) is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas, this 18th day of April, 2017.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE